# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. MICHAEL SMITH, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 06 C 3476 ) ) Wayne R. Andersen |
| DON HULICK, | ) District Judge ) |
| Respondent. | ) |

## MEMORANDUM, OPINION AND ORDER

Michael Smith has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 to vacate his conviction for aggravated criminal sexual assault, home invasion, and armed robbery. This case is before the court on the motion of Respondent, Don Hulick, to dismiss Petitioner's petition as time-barred. For the reasons provided in this Memorandum Opinion and Order, the court grants the motion and terminates this case.

## BACKGROUND

On April 24th, 1997, Petitioner was convicted of aggravated criminal sexual assault, home invasion, and armed robbery after a jury trial in the Circuit Court of Cook County. The trial court sentenced the Petitioner to sixty years of imprisonment for the assault and concurrent forty-year terms of imprisonment for the home invasion and armed robbery, each to run consecutively to the assault sentence. Petitioner appealed his conviction, and the Illinois Appellate Court affirmed the conviction on March 2, 1999. Petitioner concedes that he did not appeal his conviction to the Illinois Supreme Court.

On July 27th, 1999, Petitioner filed a petition for relief under the Illinois Post-Conviction Hearing Act. After the post-conviction trial court dismissed the petition in May of 2001, Petitioner appealed to the Illinois Appellate Court. Petitioner later moved to voluntarily dismiss his appeal. This was granted, and the case was remanded to the post-conviction trial court. On remand, the Petitioner's appointed counsel filed a supplemental petition on his behalf in December of 2001. The trial court dismissed the supplemental petition on the state's motion, and Petitioner again appealed. The Illinois Appellate Court affirmed the post-conviction trial court's judgment on October 25, 2004, and the Illinois Supreme Court denied leave to appeal on March 30, 2005.

Though the date is not clear from the record, at some point after the Illinois Supreme Court's denial of leave to appeal from the post-conviction trial court ruling, Petitioner filed a petition for writ of certiorari in the United States Supreme Court. The Supreme Court denied certiorari on October 3, 2005. On May 30, 2006, the Petitioner filed his federal habeas petition.

## **DISCUSSION**

In his habeas petition, the Petitioner claims that: (1) the trial court erred when it ordered extended term and consecutive sentencing; (2) he was denied his Sixth Amendment right to effective representation of counsel; (3) prosecutorial misconduct denied him a fair trial; and (4) his conviction and sentence is trial court error and should be void. In the motion to dismiss, Respondent argues that these claims are untimely and, therefore, must be dismissed. Respondent contends the following in regard to the running of the statute of limitations: it began to run when the conviction became final on March 23, 1999, and ran 125 days until July 27, 1999. It tolled from that date due to the pendency of the post-conviction proceedings until March 30th, 2005 when those proceedings became final. It then ran the remaining 240 days until all 365 days had

expired on November 25, 2005. The primary question raised here is when the statute of limitations began running, and whether additional tolling is appropriate.

28 U.S.C. §2244 (d)(1) imposes a one-year statute of limitations for filing a habeas petition after the decision becomes final. The statute reads:

1. A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of-
   A. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   B. The date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such state action;

   C. The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   D. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Section (B) is not applicable because the State did not create any impediment to the Petitioner's filing an application for writ of habeas corpus. Petitioner claims that he did not have access to the library beginning January 31, 2007. However, the fact that Petitioner may have been denied access to a library after he filed his habeas petition is not a valid reason for filing it outside the statute of limitations.

Similarly, Section (C) offers Petitioner no recourse. He does not assert any constitutional right that has recently been recognized by the Supreme Court and is to be applied retroactively. Section (D) is also not applicable because the factual predicate of all of the Petitioner's claims occurred at the very latest on the day he was sentenced by the trial court (April 24, 1997). Therefore, Section (D) can not render the petition timely.

Therefore, the only relevant subsection of §2244(d)(1) that is relevant to this case is Section (A). The one year statute of limitations to file the writ for habeas corpus began running on the date determined under the language set out in Section (A): the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. There is dispute as to the date on which the judgment became final in this case.

The Illinois Appellate Court affirmed the trial court's conviction on direct appeal on March 2, 1999. Under the version of Illinois Supreme Court Rule 315(b) in effect when the judgment in Petitioner's case was affirmed, he had twenty-one days after the decision was affirmed by the Illinois Appellate Court in which to file a petition for leave to appeal to the Illinois Supreme Court. Twenty-one days after March 2, 1999 was March 23, 1999. This is when the Petitioner's ability to appeal his original conviction expired. Petitioner concedes that he did not file a petition for leave to appeal to the Illinois Supreme Court on direct review. However, the issue arises as to whether Petitioner should have been allowed ninety days after the Appellate Court affirmed his conviction before the clock started running. Specifically, the question is whether the possibility of filing a writ of certiorari with the United States Supreme Court after his original conviction would have entitled Petitioner to an additional ninety days from the day his conviction became final (March 23 1999) before the statute of limitations started running. In

4

other words, did his conviction become "final" for statute of limitations purposes on March 23, 1999 or on March 23 plus ninety days?

The Seventh Circuit has held that a conviction is final when the direct appeals in state court and the certiorari proceedings before the United States Supreme Court are completed or, if the Petitioner did not seek a writ, the ninety day period for doing so has expired. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). A defendant has ninety days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the United States Supreme Court. U.S Sup. Ct. R. 13.1. Thus, if a defendant's conviction is affirmed by the Illinois Supreme Court, then the defendant is given ninety days from the day the Illinois Supreme Court rules in which to file writ of certiorari to the United States Supreme Court. The statute of limitations for filing a habeas does not begin to run until *after* those ninety days have elapsed.

In order to file a writ of certiorari, the defendant *must* be appealing from the "court of last resort." The court of last resort is the "highest court of a State in which a decision could be had." 28 U.S.C. §1257(a). Thus, if the defendant is able to appeal to a higher court and chooses not to, then he or she is unable to file a petition for writ of certiorari to the United States Supreme Court because he or she would not have been in the court of last resort.

In the case at hand, the Petitioner chose not to appeal his conviction to the Illinois Supreme Court after the Illinois Appellate Court affirmed the trial court on March 2, 1999. The time to appeal expired twenty-one days later on March 23, 1999. The question which then arises is whether the Petitioner was entitled to the ninety days even though he was not in the "court of last resort." While the Seventh Circuit has yet to rule on this specific set of facts, the Eleventh Circuit has in *Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006). In that case, the Eleventh Circuit ruled that the ninety days are inexorably linked with the capacity to file a writ of certiorari. *Id*. at

5

1299. In other words, if the defendant is unable to file a writ of certiorari because he or she did not appeal to the court of last resort, then he or she is NOT entitled to the extra ninety days. In *Pugh*, the defendant chose not to appeal to the Supreme Court of Georgia within the ten days allowed him from the day the state appellate court affirmed the trial court decision. *Id.* Since he was not in the court of last resort, he was unable to file a writ of certiorari; because he was unable to file the writ, he was not entitled to the ninety days. *Id.* Therefore, his decision became final, and the statute of limitations for filing a habeas petition began to run ten days after state appellate court affirmed the conviction. *Id*.

In the present case, whether or not the Eleventh Circuit's reasoning is applied, the statute of limitations would have run months before the Petitioner filed his writ of habeas corpus on May 30, 2006. If the Eleventh Circuit rule is applied, then statute would have run out on November 25, 2005. In this scenario, the Petitioner had twenty-one days from March 2, 1999 to appeal to the Illinois Supreme Court. Because he did not appeal, he was not in the court of last resort. Therefore, he was unable to file a writ of certiorari to the United States Supreme Court, and, as a result, is not entitled to ninety days before the statute of limitations clock started to run. Consequently, the Petitioner's conviction became final on March 23, 1999, and the statute of limitations in which to file a petition for writ of habeas corpus began running on that date.

If the clock started on March 23, 1999, then 125 days passed until July 27, 1999, when the Petitioner filed a petition seeking relief under the Illinois Post-Conviction Hearing Act. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides that the one-year limitation period will be tolled while a properly filed application for state post-conviction is pending. 28 U.S.C. §2244(d)(2). Assuming that the petition was properly filed, then the statute of limitations was tolled until March 30, 2005, when the Illinois Supreme Court denied leave to appeal the

post-conviction trial court's decision. The clock would have resumed running on March 30th, 2005, and 240 days later, on November 25, 2005, 365 days would have expired. A habeas petition filed after this date would be untimely.

If, on the other hand, the Petitioner was afforded the ninety days after March 23, 1999, then the clock would not have started running until June 22, 1999. Only thirty-five days would have passed until July 27, 1999 when the Petitioner filed his petition seeking relief under the Illinois Post-Conviction Hearing Act. Thus, when it resumed running on March 30, 2005, the Petitioner would have had 335 days left in which to file his habeas petition. Under this scenario, the statute would have expired 335 days later, on February 23, 2006. This is ninety days later than the date arrived at applying the Eleventh Circuit analysis (November 25, 2005). However, whether we use November 25, 2005 or February 23, 2006 as the expiration date for the statute of limitations, Petitioner did not file his habeas petition until May 30, 2006. The Petitioner's habeas corpus petition is untimely under either scenario.

The Petitioner did file a writ of certiorari to the United States Supreme Court after the Illinois Supreme Court denied leave to appeal the post conviction trial court. The recent United States Supreme Court decision *Lawrence v. Florida* states that writs for certiorari filed after the conclusion of state post-conviction proceedings do not toll the limitations period under 28 U.S.C. §2244(d)(2). 127 S. Ct. 1079, 1081 (2007). Therefore, in this case, Petitioner's filing a petition for writ of certiorari to the United States Supreme Court after the Illinois Supreme Court denied leave to appeal the post-conviction trial court does not in any way toll the statute of limitations and has no bearing on the time line set forth above.

The only other possible avenue of recourse remaining to Petitioner is that of equitable tolling. Equitable tolling "excuses an untimely filing, if, despite exercising reasonable diligence,

a petitioner could not have learned the information he needed in order to file on time." *Philips v. Firkus*, WL 1438287 (N.D. Ill. 2007), citing *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006), *cert. denied*, 127 S.Ct. 940 (Jan 08, 2007.) Equitable tolling is granted sparingly and cannot be used to extend deadlines when "nothing prevented [petitioner] from filing earlier, and no deceit by the state has been alleged. *Brooks v. Walls*, 279 F.3d 518, 525 (7th Cir. 2002). In this case, no deceit has been alleged." Here, as in *Philips*, Petitioner had the facts he needed to file a habeas petition for years and chose not to. Additionally, "even reasonable mistakes of law are not basis for equitable tolling." *Williams v. Sims*, 390 F. 3d 958, 963 (7th Cir. 2004). Petitioner's mistakes or even ignorance of the law do not excuse his late filings. Accordingly, equitable tolling is not applicable.

## CONCLUSION

For the foregoing reasons, the Court grants Respondent's motion to dismiss Petitioner Smith's habeas corpus petition (#26). This is a final and appealable order. This case is hereby terminated.

It is so ordered.

```
                              _____
                              Wayne R. Andersen
                              United States District Court
```

Dated: ____July 9, 2007_____